

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Bernard J. Cooney*  
*Assistant United States Attorney*

970 Broad Street, Suite 700  
Newark, New Jersey 07102

Direct Dial: (973) 645-2823

July 29, 2021

*Via Email*

J. Thomas Clarkson, Esq.
Griffin Durham Tanner Clarkson LLC
75 14th Street NE, Suite 2130
Atlanta, GA 30309
*tclarkson@griffindurham.com*

                        Re:    <u>Plea Agreement with Norman Smiley</u>

Dear Mr. Clarkson:

      This letter sets forth the plea agreement between your client Norman Smiley ("Smiley") and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement will expire on August 14, 2021 if an executed copy is not returned to this Office on or before that date.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Smiley to an Information which charges Smiley with conspiring to receive illegal remunerations contrary to the federal health care program anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(1)(A), in violation of 18 U.S.C. § 371. If Smiley enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Smiley for, through Sun Health Advocates LLC, from in or about August 2018 through in or about May 2019, conspiring to receive kickbacks and bribes from clinical laboratories in exchange for referrals of orders for genetic tests.

      However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea

does not remain in full force and effect, Smiley agrees that any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Smiley may be commenced against him, notwithstanding the expiration of the limitations period after Smiley signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 371 charged in the Information to which Smiley agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine which is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Smiley is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Smiley ultimately will receive.

Further, in addition to imposing any other penalty on Smiley, the sentencing judge: (1) will order Smiley to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Smiley to pay restitution pursuant to 18 U.S.C. §§ 3563(b)(2), 3583(d), or 3663; (3) may order Smiley, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Smiley to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Smiley be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Smiley may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution Agreement

In addition, Smiley agrees to pay restitution in an amount to be determined at the time of sentencing for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offenses.

Monetary penalties imposed by the Court will be: (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Smiley by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement, and (2) the full nature and extent of activities and relevant conduct with respect to this case.

Stipulations

This Office and Smiley agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Smiley from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing

proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Smiley waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(7), Smiley agrees to forfeit to the United States all of his right, title, and interest in all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the conspiracy to receive illegal remunerations contrary to the federal health care program anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(1)(A), in violation of 18 U.S.C. § 371, as charged in the Information.

Smiley waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Smiley further agrees that on or before the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Smiley fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Smiley has intentionally failed to disclose assets on his Financial Disclosure Statement, Smiley agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for

acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

Smiley understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Smiley.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the U.S. Department of Health and Human Services), or any third party from initiating or prosecuting any civil or administrative proceeding against Smiley.

No provision of this agreement shall preclude Smiley from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Smiley received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

        This agreement constitutes the plea agreement between Smiley and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

        Very truly yours,

        RACHAEL A. HONIG
        Acting United States Attorney

*Bernard J. Cooney*

By:  Bernard J. Cooney
      Assistant U.S. Attorney

APPROVED:

_____
Lee M. Cortes, Jr.
Chief, Health Care Fraud Unit

I have received this letter from my attorney, J. Thomas Clarkson, Esq., I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 7-30-21
Norman Smiley


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 7-30-21
J. Thomas Clarkson, Esq.

7

## Plea Agreement with Norman Smiley

## Schedule A

1. This Office and Norman Smiley ("Smiley") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Smiley nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

3. The applicable guideline for this offense is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense is a conspiracy to receive kickbacks, the applicable guideline is U.S.S.G. § 2B4.1.

4. Under U.S.S.G. § 2B4.1, the base offense level is 8. U.S.S.G. § 2B4.1(a).

5. Because this offense involved bribes totaling more than $550,000 but not more than $1,500,000, the Specific Offense Characteristic results in an increase of 14 levels. U.S.S.G. §§ 2B4.1(b)(1)(B) and 2B1.1(b)(1)(H).

6. Because Smiley was a manager or supervisor of the criminal activity and the criminal activity involved five or more participants, the Specific Offense Characteristic results in an increase of 3 levels. U.S.S.G. § 3B1.1(b).

7. As of the date of this letter, Smiley has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Smiley's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, Smiley has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Smiley's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Smiley enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Smiley's acceptance of responsibility has continued through the date of sentencing and Smiley therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Smiley's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Smiley is 22 (the "agreed total Guidelines offense level").

10. Pursuant to 18 U.S.C. § 3553(a), Smiley reserves the right to move for a downward variance. This Office reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.

11. Smiley knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 22. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 22. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.